and U.S. Forest Service. Good morning, Your Honor, and may it please the Court, my name is Jesse Buss, I represent Plaintiff Appellant Blue Mountains Biodiversity Project. I've been listening all morning to arguments, so I thought it'd be good to reorient and remind you that this case is very different from those you've heard so far this morning. This is an administrative law and environmental law case, and it presents several issues that are of major concern in district courts throughout the Ninth Circuit. Here we're in a national forest in Oregon, the Ocho National Forest. We have a 218-acre recreation area called Walton Lake Recreation Area. It's, everyone agrees, this is not in dispute, the most popular by far recreation area in the Ocho National Forest. It's characterized by very large and old trees, which provide the scenic setting for the recreationalists there. It has a lake. In any event, the point is whatever this court decides, it's going to impact many, many thousands of people every year. There are four things I want to address, if I have time, and on this issue, I asked court staff for 10 minutes on rebuttal, if I can revise that down to eight, I'd appreciate it. All right. We'll see if that matters. Try to keep track of your own time, too. Thank you, Your Honor. The first thing I want to address is the scope of the administrative record, not only in this case, but in APA cases, Administrative Procedure Act cases across the Ninth Circuit. Can we, let's, I want to focus on this case to start. Yes, Your Honor. I want to understand what you're contending. You got a whole bunch of documents through FOIA. You're not contending that any of those documents should be added to the administrative record, are you? On appeal, Your Honor, we didn't press that argument. Not only didn't press it, you didn't mention it. I believe in several footnotes, Your Honor, we do mention the FOIA documents. Magistrate judge, I mean, as to those, a magistrate judge looked at them, said they're either deliberative documents or they're not relevant to this case, and you, you don't develop any, there's a better way to say it, you don't develop any argument on appeal about why that was erroneous. That's certainly accurate, Your Honor. Okay. So we're not talking about those documents. We're talking about, I'm trying to figure out what documents you want the records supplemented with. Do you want the records supplemented with any deliberative documents? Well, Your Honor, the issue of what is deliberative is not squarely before the court in this case. So I think the government will take the position that all of the documents we're asking for are deliberative. Okay. If a document is deliberative in nature, are you entitled to have the record supplemented with it? Perhaps, Your Honor. So the, the whole record in the APA is everything that was either directly or indirectly considered by the agency. So is it your position that if they directly or indirectly considered a deliberative document, it must be included in the record? It should be at least logged in a privilege logout. That wasn't what I asked. Is it, is it your position that it must be included in the record? As an initial matter? Yes, Your Honor. It is part of the whole record. Okay. So is there, is there any court anywhere in the country? Yeah. That's going to create a split with the DC Circuit. Are you asking us to create a split? So you're referring to the Oceana decision, Your Honor. Right. In the cases it relies on. So the DC Circuit is an outlier. It is, to my knowledge, the only district. So the answer is yes. You're asking us to create a split with the DC Circuit. Well, perhaps, Your Honor. There's a Second Circuit case and a Fourth Circuit case, both unpublished, but they find that privilege, privilege logs are required in these circumstances. No, I'm not talking about a privilege log. That's, I want to get to that argument later. We're both asking you whether or not you're entitled to have deliberative documents. Forget how we arrived at the conclusion that they were. Whether you're entitled to have a deliberative document included in the administrative record. Isn't the answer to that plainly no? The answer is not plainly no, Your Honor. So, assuming that a document is deliberative, there's presumption that can be overcome. In this case, by plaintiffs or other petitioners, and that's the FTC v. Warner case in the Ninth Circuit from the 80s, and that's still good law. FTC v. Warner said that a petitioner can overcome the deliberative process privilege by showing that the need for materials and the need for accurate fact-finding override the government's interest in nondisclosure. So, the issue here is really a threshold issue. Do you, should the court and the public be required in every single APA case to defer entirely to an agency when they say, oh, that's deliberative. We're not going to tell you what it is, Your Honor. We're not going to tell you what it is, plaintiffs. You just have to trust us. And the issue that's truly squarely before this court in this case is, is the court the gatekeeper on that decision? So, I'm sorry, let me clarify your position. So, you think that deliberative documents need to be included in order, as part of the whole record. Now, is this in the absence of any showing of bad faith on your part, or only if there's a showing of bad faith or improper behavior on the agency's part? Are you entitled to deliberative documents? Totally separate from the issue of showing of bad faith, Your Honor. The case law is not entirely clear on this issue, but the whole record and going back to Citizens to Preserve over Tim Park, the whole record is everything that the agency directly or indirectly considered. So that includes lower-level employees, mid-level employees, all the way up to the decision maker. And as the court pointed out in the Bartell Ranch case, which is a District of Nevada case from just about eight months ago, that's cited in the briefing, the District Court there required a privilege log and, in fact, production of a lot of documents after the BLM, the DOJ attorney, disclosed that, hey, these deliberative documents were never actually reviewed by any lawyer, certainly not any lawyer at the DOJ. They're just reviewed by low-level agency employees. I mean, you cited some cases where courts required a privilege log, and maybe that's not an abuse of discretion. Tell me how I can conclude that they must require a privilege log. In other words, I'm trying to find something, statute, rule, or otherwise. There's no discovery in these cases, so Rule 26 isn't particularly helpful because you're supposed to try them on whatever the administrative record is. So tell me where, either in the APA or elsewhere, you find authority for us to order the agency to make a listing of deliberative documents. Your Honor, I don't think there's a specific detailed statutory provision saying what you just said, but it's the case law, and it's the only practical way that the APA can order it. Well, but you're asking us. We've never addressed it before. And the case law on this is certainly not unanimous. The D.C. Circuit's stuff, although you might distinguish some of it, cuts against you. So if I'm going to create an obligation on the part of the government to produce a privilege log, and I take it your argument is in every case, because you're not saying there's anything special about yours. Tell me where I get that from, whence I derive that obligation. Well, Your Honor, first of all, you're right. This doesn't just impact our case. It impacts cases probably every week in our district. We cited about almost 50 of them just from the past few years in the Ninth Circuit, whereas the— So if you're dealing with a complex administrative record and a deliberative process, and the deliberative process, how would even a privilege log do more than provide a table of sort of contents and a brief description? I mean, there would almost have to be an in-camera review of every document, because a privilege log itself, just, you know, that's all it is. And these documents could be very lengthy, complex. And sort of part two is, I think what I'm struggling with a little bit is doesn't there have to be some threshold showing of something untoward, something that doesn't add up, something more, as we say sometimes in the law, that something more before you can routinely request a privilege log. So Your Honor, the two questions I heard you say, correct me if I'm wrong, is what does a privilege log accomplish? And number two, don't you have some burden to show that there's something missing here from the record? And a privilege log, as you know, is routine in general civil matters where you have regular discovery, and those are very useful. So in this case, and in most APA cases, the purpose of a privilege log will be, yes, to list and describe the item and the basis of the privilege. And at that point, and on remand, that could happen in this case, if we get a privilege log, is look at those items that are listed in the privilege log, and at that point, make arguments about which ones should or could be reviewed in camera. That way you're not- So there might be correspondence, for example, from a logging concern, or some other input that might cause you to feel that this is something that you should at least be entitled to pursue. Yes, Your Honor. The bottom line is, the agencies are taking a trust us position. The only way- I understand that as a matter of policy. And maybe you didn't answer, answer Judge Preggerson's second question first, I'm sorry. The answer to that second question, Judge Preggerson, is no, there should not be and is not an initial burden to require a privilege log. That's what we urge you that the law should be in our district, in our circuit. But even if there is such a burden to overcome, we've overcome it here, and that brings me to the second class of documents that we would like to be supplemented to complete the record, which is all of these documents, let's see, 116 documents from the 2016- The 2015 or 16- Correct, Your Honor. So let me, I'm struggling with how you're prejudiced in this case. You have all those documents, do you not? We have the documents, Your Honor. And you were not prevented from arguing to the district court that the decision in 2019, I think that's the second one, right? Yes, Your Honor. Was arbitrary or capricious because here's a document from the 2015 record that shows you've ignored something. So I'm trying to figure out what practical effect would occur from us telling, telling the district court to supplement the record with documents that you have and have made no contention show anything. Well, Your Honor, we have made a contention that they show things. And did the district court reject that? Yes. On the merits, not because they were not part of the record, but because we don't think they show anything. No, they were rejected as outside of the record. So we were not allowed to use them on summary judgment. So first we settled the administrative record. There was rounds of motions, briefing- No, no, let's get back to the merits of the argument. Yes, so- As I understand, the agency said in 2016, we give up, didn't quite say it that way. There's been a lot of objections. We've tried to do this. We're starting all over again. And they then start all over again. And they say, there are some documents from before we're going to consider, and they consider them. So I guess my question is the same one that Judge Pregerson asked. Them having said that, and these documents all being available, and their decision this time being available, have you made any demonstration that they really did consider a document from 2015? That's not in the record? Or is just argument that you just, you're automatically entitled to have all the 2015 documents in the record? The latter, your honor. And that's because it's a single continuous process going all the way back to 2015 through 2020. And I've got a bunch of ER sites for this. They're all in the briefing. But this is not a situation where the agency lost in 2016 and said, okay, we're going to go back to the drawing board. They did not start afresh like they say they did. Instead- Well, they also said that they considered any documents previously, they included that. They said that, but that's not what the record reflects actually happened, your honor. Well, but does the record show that they considered a 2015 document that's not included in the 2019 record? Yes, your honor, because they have, the administrative record goes back to the beginning of when- No, I understand. That's a, that's a, that's a general argument. I'm asking us for a very specific point. They said, here are the documents from 2015 that we considered. You're saying that couldn't be the case because it's a continuous process. I'm asking whether or not putting that argument aside, you identified any document from the 2015 record that you contend that they considered in the 2019 decision? Yes, your honor. 116 of them. And that's in the briefing. Why? And why, why do you think they were considered? Because they certified to the district court in the 2016 litigation that they in fact considered them. They put that in there. See, but that's, now you're giving me the same general answer as before. What you're saying is anytime they were part of the administrative record earlier, they must be part of the administrative record now. I'm asking a more specific question. Can you point to any document from the 2016 record, not included in the 2019 record, that you can make any contention was considered in the 2019 decision? I'm not trying to be difficult, your honor. I'm just struggling to answer the question. Answer maybe no. I mean, I mean. Well, it assumes that they're You're saying they must have considered them because it was all one continuous process. Let's assume I don't find that argument persuasive. It might be a separate argument that says, look, in 2019, you made this conclusion. There's nothing in the record from 2019 to support that conclusion, so you must have gotten it from a 2016 document. As I understand your hypothetical, so if you assume that the 2015-2016 process was a discrete process and then the 2017 process was a discrete process and then the 2018 through 2019 process was a discrete process, then the answer is, I think, no. Okay. And I'm not saying it dooms your case. I'm just trying to figure out what your argument is. Now that I understand your question. Thank you, your honor. But. I know you're down to fives. I just want to remind you, use your time however you wish, though. Thank you. Thank you. I do just want to cite a little bit to the ER and move on to these other issues. So at 5 ER 1010, the letter to the force supervisor from the decision maker said he was withdrawing the decision memo in order to allow additional analysis under NEPA. The same thing happened from Stacey Forsen, the force supervisor, at four examples that I won't get into now, but are all in the briefing about how all the decision makers and employees in this case considered this to be the same process going back to 2015. It's the same title. It's the same name of the project. It's almost to the logging contract. And that actually plays into this a bit. You are eating into your time, you know, I am the the pre NEPA pre NEPA contract granted to loggers to come and log the property and they needed that contract. The Forest Service needed the contract in order to afford to do the project at all. That's very clear. And there's no evidence in the record from the Forest Service suggesting otherwise. I do want to talk a little bit about remedy and then reserve three minutes for rebuttal if I can. We've argued that the administrative record is not complete and therefore it should be remanded. We dropped several claims, including claim two, counts one and three under NIFMA, which relate to the east side screens because of documents from the 2016 AR that are not included in the current AR. We couldn't bring our claims, we couldn't make the arguments on summary judgment because of that. However, if you find in our favor on these other two claims under the contract and under the EIS, you could, you obviously have discretion in fashioning a remedy, but we would urge you to both find in our favor on the merits claims, reverse on those, and remand for supplementation and completion of the record so that we can actually litigate all of our claims because we had to drop some. I will reserve the rest of my time. Thank you. Thank you, counsel. May it please the court. My name is Robert Stockman here on behalf of the Forest Service. I'll jump into the merits in a second, but I want to emphasize this project is about replacing disease trees with disease resistant trees on 35 acres and then thinning the rest of the trees to reduce risks from catastrophic wildfire and insects. This has huge public safety implications for the people who go there, for the Forest Service, and if we don't take action, this area may not remain beautiful without action, right? I mean, it is deteriorating already. So I realize there are these huge big legal principles, but there's also, the project itself is very important. On the record issue, we are not asserting a privilege here. We're rather saying that internal deliberative materials are generally not in the administrative record and they're not relevant to APA review. And I'd like to return to something you asked. I think that is a general principle established in most of the case law. What I'm trying to figure out is this, how will they know whether or not the documents that you haven't put in the record because they're internal deliberative documents really are internal deliberative documents? Oh, I see that. So I think there's a couple responses to that. So the first is legally, there is, I think they're sort of inverting this. There's a presumption of regularity, right? You don't assume the government is acting in bad faith or making mistakes on purpose. I think it's also worth remembering that practically, the agency has every reason to put the materials that are important and analyze issues and discuss things in the record because the whole nature of APA review turns on whether the agency considered a relevant aspect of the problem. But you might have an internal deliberative document that says, you should scrap this whole project. It's a terrible idea. It may well be that there's lots of internal other documents that say that's a stupid document. And so it may be that you might have an incentive from time to time not to include a document. But what's funny is that with document described, which I do think that I could imagine that arising, is itself deliberative, right? It's an opinion on what should happen. And so shouldn't be, should be withheld in the vast majority of cases. Here's what troubles me about this case, and maybe it's not solvable within the existing legal framework. What we say is we assume the record is complete. We say to people, but you can, of course, get the record supplemented if you can demonstrate bad faith or something else by the government. But I don't understand how anybody can ever demonstrate bad faith without access to, without access to knowing what wasn't disclosed. I think, I think it's actually surprising that this does happen, right? So bad faith or improper behavior. They didn't put this label on it in the case. But I think the Department of Commerce case, the census case from the Supreme Court. That's one where there were so, there were so few documents, there had to be more. Well, yeah. And there were, there were irregularities. And I will say, DOJ prompted the agency to provide yet more, which revealed that yet more was out there. And the point is, it does come out. And Portland Audubon is another good example, where there were news reports about, oh, there's these ex parte communications. And then they knew about it. It's a rebuttable presumption of irregularity. Yes. We're, we're not saying that no one can ever get discovery or ever ask for a privilege log. We're saying they have to, under current law, our view is it's bad faith or improper behavior. But how are they, how are they supposed to get the privilege log to help them figure it out if there's improper behavior or bad faith? Well, but I think that's sort of jumping ahead to, that's a, that's sort of the, I think as I read the Supreme Court cases and the other cases, is that the presumption is there and then you rebut it in some way and only then do you get to the question of the privilege log. And I think that is supported, that's certainly the DC Circuit's position in Oceana very explicitly. I think what they're asking for is definitely a circuit split. But I also think if, I also would actually say one opinion that is not precedential but I would recommend reading is Judge Watford's dissent in the case that was vacated by the Supreme Court where he walked through the various reasons deliberative documents don't go into administrative records. And I thought that was very persuasive and it's, it's actually pretty short, which is nice. It just gets straight to the point. And I do want to return to a... I don't think anybody, well, I may be wrong. Maybe they are asking for this, but start out from the assumption that I think I agree that deliberative documents don't go into the administrative record. I'm, what I'm struggling with is, is this sort of catch 22. We won't tell you what they are and knowing what they, what you, what they are might lead somebody to claiming either that's not a deliberative document or there's bad faith. And so how can you do that in the absence of knowing what they are? So I think we do see that generally irregularities arise when there is actual bad faith. It's also worth remembering that experts, for example, let's say, let's say you're worried about an expert having said, this is a bad idea and it's not getting into the record. The expert puts their final report, signs it, and that gives you their opinion in a finalized prepared for release form. So I think, I think the concern gets overstated and I file a FOIA request as they did with respect to other things with respect to deliberative documents. I mean, they mostly got deliberative documents because FOIA is more generous than many other statutes. I'm trying to figure out, are there deliberative documents that were kept out of the record in this administrative record in this case that were not produced in the FOIA? I don't know the answer to that. I'm sorry, Your Honor. I think they have almost everything. And I think, because if they had everything, that would make it easy. I definitely can't say, I can't say that to you. I don't know that. But I guess what you're suggesting is that in a run of the mill case, it's not a privilege log that you ought to use to find whether there's been bad faith. What you ought to do is use a FOIA request. I mean, I think that's exactly right. And I think that's very telling, right? Congress created FOIA to be the sunshine law, right? That's how you get insight into government action. And that's- There may just be sufficient evidence, external evidence of some irregularity. There may be just something that says there's just something wrong, something fishy, something out of the norm, right? I think that's right. I think with the sufficient factual showing, it would be appropriate for a court to ask for a privilege log. Would a district court abuse its discretion? I mean, I understand that there may be no, it may not be an abuse of discretion not to order a privilege log, but would a district court abuse its discretion by ordering one? So in our view, this is enough of a legal matter that if they have no basis, it is abuse of discretion to order it without any basis for ordering it. And we think there needs to be some showing before you get that. And I want to return to this, because in part, in theory, these aren't part of the administrative record, right? They are not the stated reasons of the agency that the decision is supposed to be reviewed for process. I mean, the other thing is there is that one memo from like right after the categorical exclusion was struck down where they said, oh, this will be a continuation. But the fact that two weeks after a decision was struck down, they thought they'd continue the process and then they restarted it the next year. There's nothing improper about that. That's quite normal. And I think this is abuse of discretion review, right? It's a very factual issue. They've actually shown no reason it really matters. They keep saying they had to drop claims. I still don't understand why that would be. But the point is that should be reviewed for abuse of discretion. And I don't think the district court abuses discretion there at all. So they're a little bit different than the other claims. There we know what the documents are. They have all the documents. So the question is, how do we judge whether they should be part of the record? I mean, the agency compiles the record in the first instance. And the agencies do have some discretion in how they structure their processes, right? And the thing is, in this process, the agency didn't consider all those documents. So we don't have some nefarious reason for not including them. It's that we don't think it's accurate. They weren't considered. We had an agency, like many agencies, in the informal process. We created a file for this process where we put everything we thought was relevant. And the stuff from that other process that is not in the record just never went in the file. Like, we didn't think it was relevant. So it wasn't considered by the decision maker, even indirectly. Was it the same decision maker both times? No, it was a different decision maker. Would it make a difference if it was the same decision maker both times? I actually don't think so, but I think it... Can we pause for a second? We can see him. I hope you can hear us. I can't see anything. Can you hear me? We can hear you. Hear you. Can you hear us? I can hear you perfectly, but I can't see anything. And my law clerks just texted me. They can't see anything. The YouTube link, apparently, is down also. But I can hear everything perfectly. Are you OK with continuing with just audio, Judge Prakerson? Yes. OK. OK. Sorry, I lost track of things for a second there. Whether it makes a difference if it was a different decision maker. Oh, I don't think it does, but with a new decision maker, I think it's even more solid that it isn't the same record because they're not remembering... They couldn't be remembering what came from the other process. But that's not how it works because decision makers make many decisions. And we don't assume that because they were involved in this process, everything they considered for that process comes into this other process, right? It would be unworkable. And the DC Circuit in Dania Beach dealt with a somewhat similar situation and very much rejected exactly the circumstances here where they said, oh, there's so many documents, they're all so relevant, we're not going to explain their precise relevance for you in our argument, they should just be included. And the DC Circuit said an agency can start over. And given how long NEPA processes come, given how much litigation there is, given how much variation agency staff turn over, it actually would be very problematic to start saying this prior process just gets incorporated into this new process just de facto. On the contract issue, I'll try to be fast, we think this court did address the standards in Wild West in both those opinions. But I actually don't think this court needs to reach that at all here because I think we did not violate NEPA under any standard set forth in any of the regs or the statute. Whatever the standard of review is. Whatever the standard is. Because this contract committed basically nothing, right? They couldn't take any natural resources until we gave them the sign-off, which we didn't do until we finished the NEPA process. We didn't owe them any money, and we could cancel it without owing them any money. And plaintiff concedes we don't owe them any money. So if that kind of contract were enough to prejudice or limit or commit resources to prejudice or limit alternatives, then NEPA processes themselves would become impossible, right? Because the very process of going through NEPA involves some expenditures, some commitments. And I will say they haven't pointed to a single case where a court has found a violation of NEPA for pre-NEPA action that was anything as minimal as this. And most of their argument, and I think this does go back to the record issue a little bit, goes, like, turns on a single email, a single sentence in a single email from someone who said something that was just not right. Like, that's just not right. That's not the government's position. That's not what the contract says. Plaintiffs agree that's not what the contract says. And if you analyze the alternative, look at our analysis of the alternatives in the decision, we laid out our reasons in detail for many alternatives, some with the contract, some without, some with modifications, and it played no role. So this is why I actually think the whole deliberative thing is kind of a red herring in that it's distracted them from what's actually relevant, which is the analysis in the agency's records, and I think we didn't violate NEPA. And then I will just turn to the other NEPA claims. They mention in their reply brief that we never looked at the amendments together. That's not correct. If you look at 3ER664, the decision-maker made a finding that the four specific forest plan amendments described in this project in the EA to be non-significant based on the analyses in the EA. So we made the finding they say we didn't make. I think I would strongly urge NEPA to look at all the environmental impacts. It considered so many factors. It had so much public input. It really weighed things. I think it made an excellent judgment. But the question here is, was it our peers in their reply brief? That's the standard review here. I think we have discretion to decide what scale to look at, and we did look at local impacts. They often say we didn't make significance findings, but we point to the places in the record where we analyzed the relevant resources. And no, we didn't always use the word significant,  That's not the only way to do the analysis. And this court's recent decision in Wild Earth Guardians v. Provencio laid out how it kept quoting decision pieces that discussed the resource, but didn't say significant. And the court said that's a finding of no significance. That supports the finding. So I think that is plainly the way to go. On the scientific dispute, I just want to point out that in the reply brief, they mention a study that allegedly undermines our position, but that's at 6 ER 1325, but it's actually talking about a different root disease than laminated root rot, so it's not relevant here. And this court has repeatedly held that things like two articles are ultimately insufficient to establish a controversy. That's in Defenders of Animals. And I think overall, we really asked this court to affirm, and I'd be happy to ask any questions. Oh, I do want to clarify one thing. Something I didn't even fully realize until prepping for this argument is that there are a bunch of overlapping and other issues in the administrative record that are sort of like percolating underneath all of this. But they did not preserve any of them for appeal. In the sense that I think what is on appeal as I read the briefs is, do deliberative internal documents have to go into the administrative record? Do you have to provide a privilege log? The 2016 issue. And I think all these other issues are not presented and would deserve ample briefing because they're actually complicated. No, you don't think the issue of the contract is? No, no, no, sorry. About administrative records, I mean. Okay, I'm sorry. Sorry, sorry. Yeah, I just thought at argument, I was hearing some stuff and also reading the briefs, I realized there were like some other questions, and I just don't think they're present for the court. So I would just say we shouldn't go beyond what's in the briefs. And I think that's it. But yes, the NEPA issues are all definitely on appeal. And thank you all so much for your time. Please affirm. Thank you, counsel. Rebuttal. Thank you, Your Honor. First, Judge Hurwitz, I think the best statute we have to offer is the APA statute, 5 U.S.C. 706. Which says the record. That's the whole record statute, yes. But the rest is case law, and we believe common sense. So you think all the cases that say that deliberative documents are not part of the whole record are incorrectly decided? Yes, and there's not very many of them. Are there any the other way? Oh, yes. In this circuit, most district courts have come down and said there needs to be privilege logged. No, that's not the question. The question is, is there any case that says once a document is... A truly deliberative document should be part of the administrative record? I understand, Your Honor. I don't think any court has ever squarely confronted that. I think it's a muddled area. But we would ask you to resolve it. Really, though, that issue should be resolved on remand for the first time before the district court because it wasn't an issue below here. What was at an issue below here was the privilege log issue. That's the first step. Going back to Oceana, we submit that case was wrongly decided. It only had a paragraph of analysis. And the case it cited, In re Suprena Deuces Tecum, also cited cases that had nothing to do with the circumstances at issue here. Basically, Oceana was not well-reasoned. It wasn't well-considered. I don't think that court was even trying to make a sweeping declaration the way that it's been interpreted by some district courts across the country. You asked Judge Hurwitz, my able opposing counsel, if there are any deliberative documents excluded here. He said he did not know. That's fair. He wasn't counsel before the district court. But there certainly are. And there's no dispute about that. Just as an example, at 3 ER 547, the Forest Service argued before the district court that they are not, they being the documents, they are not being excluded from the administrative record on privilege grounds. There is implicit assertions throughout briefing and throughout this proceeding below that, yes, they were withholding deliberative documents. And if they don't have anything, boy, they're sure fighting hard. And they've had many, many... Well, they're fighting hard about a principle that you admit would affect every case in the country. So I don't blame them for fighting hard. They certainly are, Your Honor. The Morgan case cited by opposing counsel, that's an old Supreme Court case. Those other cases, along with Morgan, cited by the D.C. Circuit, those had nothing to do with the actual APA record. Those were cases where the parties were seeking to create a new record, post-decisional record. Most of those cases, they were trying to take depositions after the fact of government officials. Depositions have no place in APA cases, and we're certainly not trying to get any depositions or new evidence in here. I noticed opposing counsel mentioned how they create the record and how they decide what's deliberative or not, and I mentioned to use the word file. We put it in the file. If it's not in the file, then it's not part of the record. That's exactly the issue that the district court in Bartell Ranch, again, District of Nevada, confronted. There's a long discussion there. And at the end of the day, there ended up being thousands of documents that no lawyer had ever reviewed to see if it was deliberative, and they ended up coming in the record. So that's the kind of mischief that can be created here if we don't at least get to see what is being withheld and have it be subject to some form of judicial scrutiny. I think we have your argument, counsel. Thank you, Your Honor. Thank you very much to both sides for your arguments today. The matter is submitted for decision by this court, and we are adjourned. All rise. The court stands adjourned. Thank you.
judges: NGUYEN, HURWITZ, Pregerson